Dear Mr. Gottschalk:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Your questions, as I understand them, are as follows:
 1. Can a justice of the peace force a constable to be present at every court proceeding?
 2. Does the proper distribution of fees between a constable and justice of the peace vary depending upon whether the constable appears in Court?
 3. If a justice of the peace requests that a constable who lives in another ward to perform services or make civil filings, does that affect the fee schedule set forth in La. R.S. 13:2590 (B)?
Your first question invokes La. C.Cr.Pro. Art. 17. This statute is entitled "Inherent power and authority of courts" and states the following:
 A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.
As stated above, "[a] court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders. . . ." This office has expressed the opinion that
 [a] court, including a justice of the peace court, has the power to punish anyone, including a constable, for contempt if he or she interferes with the court's duty to conduct proceedings with dignity and in an orderly and expeditious manner. Therefore, if the justice of the peace requires the constable to attend, he may be held in contempt if he does not comply. [Emphasis added.] La. Atty. Gen. Op. No. 03-0042.
Your second question deals with La. R.S. 13:2590(B). In reference to civil filings and services, this statute reads as follows:
 Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office.
With respect to the distribution of fees and deposits, the statute uses the word "shall," thereby speaking in mandatory terms. There is no provision in the law that allows for a reduction of, or variance in, the statutorily mandated percentage for the distribution of fees and deposits. Therefore, for civil matters, a constable should receive one-half of all fees and deposits received by the justice of the peace. These fees would be used by you, as constable, to cover expenses such as mileage. La. Atty. Gen. Op. No. 97-342.
Your final inquiry concerns whether the fee and deposit distribution schedule changes if a constable residing in one ward responds to an order of a justice of the peace who lives in another ward. The statute does not provide any sort of exception under such circumstances. Regardless of whether a constable, who resides in one ward, responds to the order of a justice of the peace who lives in another ward, the clear wording of the statute mandates that the justice of the peace shall only pay fifty percent of all fees and deposits collected under La. R.S. 13:2590
(B).
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL